IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES W. TANNEHILL and ROBYN L. TANNEHILL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CIV. ACT. NO. 1:20-cv-105-TFM-C |
| ROBERT L. WILKIE, Secretary of U.S. Department of Veterans Affairs, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On January 25, 2021, the Magistrate Judge entered a report and recommendation which recommends several motions to dismiss be granted, others granted in part and denied in part, and one denied without prejudice. *See* Doc. 69. Plaintiffs timely filed objections to which Defendants Lakeview Loan Servicing, LLC ("Lakeview") and M&T Bank ("M&T") timely responded. *See* Docs. 72, 73. Defendant The Citizen's Bank ("TCB") also timely objected. *See* Doc. 70. The Court has reviewed the report and recommendation, objections, response to objections, and conducted a de novo review of the case file. For the reasons discussed below, the objections are **OVERRULED** and the Report and Recommendation ("R&R") is **ADOPTED** as the opinion of the Court.

Having reviewed Plaintiff's objections, the Court finds nothing to overcome the well-reasoned analysis of the Magistrate Judge. To the extent the objections constitute a general objection to the R&R, the Court finds there is no reference to the majority of the defendants or motions addressed. Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*

*v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982).  Therefore, the Court agrees with the response by Lakeview and M&T that to the extent Plaintiffs intended to object to the R&R as to their motions, the objections are deficient.  The objections Plaintiffs do specifically note all pertain to information contained in the summary of complaint allegations.  *See* Doc. 72 at 2-5 (chart format).  Plaintiffs make no assertion of legal error and the Court finds that based on the record the summary of complaint allegations made by the Magistrate Judge is a fair assessment of the allegations as stated in the record.  Even taking those objections into consideration, the Plaintiffs do not identify any legal error and make no argument that the Magistrate Judge's analysis is incorrect -- it appears to be an issue of semantics.  Therefore, the Plaintiffs' objections are **OVERRULED**.

      The Court turns to the objections made by TCB.  *See* Doc. 70.  First, the Court notes that TCB attaches exhibits that were not attached to their original motion and therefore were not considered by the Magistrate Judge.  The Court has the discretion to consider or to decline to consider arguments that were not raised before the magistrate judge.  *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").  The Court declines to consider matters not raised in the prior pleadings and therefore will not consider the additional documents attached to the objections beyond the brief discussion here.

      It does appear that the R&R contains a typographical error on page 36.  Yet, the form itself creates the confusion because the bottom corners of page 1 has two designations – VA Form 26-1802A on the left side and VA Form 26-1802a on the right side.  Regardless, the proper number

of the form does not change the substantive analysis.  The R&R concluded that it was not clear from the record (that could be considered) whether or not the VA forms were interchangeable as TCB suggests.  Any misidentification of the form in the R&R does not change the analysis that it was unclear whether or not signing VA Form 26-1802a is the equivalent of signing VA form 26-1820 (Report and Certification of Loan Disbursement).  Plaintiffs also alleged that they only signed the mortgage documents with the promise that the inaccuracies, namely to the form which misstated the home was "previously occupied" would be fixed.  This ties into the allegations that the inaccuracies allowed for the wrong warranty to be attached which caused them damages.  Plaintiffs allege that TCB owed them a duty as an approved VA lender to obtain and attach the proper and required documents which TCB breached.  This is not a matter that can be resolved on a Rule 12(b)(6) motion to dismiss standard.  Submission of the new documents with the objections does not permit TCB to retroactively fix the deficiency.  In short, TCB in essence seems a merits decision under the motion to dismiss standard which the Court will not do here especially when considering the liberal construction applied to the *pro se* plaintiffs' pleadings.  Therefore, TCB's objections are also **OVERRULED**.

Finally, on February 26, 2021, a new motion entitled *Motion for Retroactive Docket Entry of Plaintiff's Obstructed Motion for Extension of Time to File Proposed Amended Complaint and Motion for Referral to USPS OIG* (Doc. 74, filed 2/26/21).  If Plaintiff intended this document to be supplemental objections to the R&R, the objections are vague and unclear.  To the extent he wants the record to reflect a delay by the USPS, that is unnecessary as the Court considers the content in reviewing this R&R even though it is not clear whether or not they are objections.  Next, Plaintiff seems to ask for more time to file an amended complaint without giving the Court any indication as to what that complaint may contain.  A properly submitted motion to amend should

include a copy of the proposed amended complaint for the Court's review. Finally, Tannehill seems to request that the Court refer the postal problems to the USPS OIG for an investigation. That is outside the Court's purview on review of the current status of the case (including the various motions to dismiss and the R&R) and ultimately unrelated to this particular lawsuit. Therefore, the motion is denied. To the extent Plaintiff wishes to file an amended complaint, he may file a proper motion to amend along with a copy of the proposed amended complaint for consideration by the Court. However, the rest of this order is not contingent on that motion and Plaintiffs must be cognizant that the amended complaint cannot attempt to relitigate issues resolved by the Court in this order adopting the R&R. Plaintiffs must still timely perfect service on Defendant Wilkie unless he intends to drop him from the lawsuit which may otherwise implicate the subject-matter jurisdiction in this lawsuit as discussed in the R&R.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation (Doc. 69) is **ADOPTED** as the opinion of the Court. Accordingly, it is **ORDERED** as follows:

(1) The *United States' Motion to Dismiss Plaintiffs' Complaint as to the United States [Fed. R. Civ. P. 12(b)(1), (5), and (6)]* (Doc. 41) is **DENIED without prejudice**.

(2) Plaintiffs are **DIRECTED** to perfect service on Defendant Robert L. Wilkie, Secretary of the United States Department of Veterans Affairs within twenty (20) calendar days of receipt of this Order. The Court will presume that Plaintiffs receive the order five (5) days after the date of the order. Failure to do so may result in the dismissal of Defendant Robert L. Wilkie from this action which may implicate the subject-matter jurisdiction of this lawsuit.

(3) Brewster and Associates, LLC's *Motion to Dismiss* (Doc. 5), *Defendant M&T Bank*

*Corporation's Motion to Dismiss* (Doc. 21), and *Defendant Lakeview Loan Servicing, LLC's Motion to Dismiss* (Doc. 22) are **GRANTED** and Defendants Brewster and Associates, LLC, M&T Bank, Lakeview Loan Servicing, LLC are **DISMISSED** from this action.

(4)  The Citizen Bank's *Motion to Dismiss* (Doc. 9) is **GRANTED in part** and **DENIED in part**.  The motion is granted as to the claims of negligent supervision, negligent hiring, wantonness, promissory fraud, breach of fiduciary, and conspiracy to defraud.  The motion is denied as to the breach of contract claim.

(5)  *Kent Frederic and Sandra Frederic's Motion to Dismiss Plaintiffs' Claims for Promisory [sic] Fraud and Conspiracy* (Doc. 12) is **GRANTED in part** and **DENIED in part**.  The motion is granted as to the claims of promissory fraud and conspiracy to defraud.  The motion is denied as to the breach of contract claim.

(6)  The *Motion for Summary Judgments Against Kent and Sandra Frederic and The Citizens Bank for Breach of Contract (Count Three)* (Doc. 46) is **DENIED without prejudice** at this time.

(7)  The *Motion to Dismiss Criminal Complaint [Doc. 45] or, in the Alternative, Motion to Strike Criminal Complaint [Doc. 45]* (Doc. 48) is **GRANTED**.

(8)  Defendants Frederics' Alternative Motion to Defer (Doc. 59) and the *Supplement to Motion to Dismiss* (Doc. 67) are **DENIED as moot**.

(9)  Plaintiff James W. Tannehill's *Motion for Retroactive Docket Entry of Plaintiff's Obstructed Motion for Extension of Time to File Proposed Amended Complaint and Motion for Referral to USPS OIG* (Doc. 74) is **DENIED**.

 It is further **ORDERED** that this case is **REFERRED BACK** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this 2nd day of March, 2021.

                                                /s/Terry F. Moorer
                                                TERRY F. MOORER
                                                UNITED STATES DISTRICT JUDGE