IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES W. TANNEHILL and ROBYN L. TANNEHILL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO.: 1:20-cv-00105-TFM-C ) |
| DENIS S. McDONOUGH, SECRETARY, U.S. DEPARTMENT OF VETERANSAFFAIRS; KENT FREDERIC; SANDRA FREDERIC; THE CITIZENS BANK; | ) ) ) ) ) ) |
| Defendants. | ) ) |

## **REPORT & RECOMMENDATION**

This matter is before the undersigned for a report and recommendation on the "Plaintiffs' Motion To Stay All Proceedings And Order Directing the Department of Veterans Affairs and the Guarantee Title Company, LLC To Produce All Records Pertaining To The Plaintiffs Requested And Being Illegally Withheld In Violation Of The Privacy Act" (Doc. 80). None of the remaining defendants have responded to this motion. For the following reasons, it is recommended that the motion be DENIED.

I. JURISDICTION AND VENUE.

The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. § 1331.

Venue is

proper pursuant to 28 U.S.C. § 1391 (b)(1) and (2).

II. LEGAL STANDARDS.

A. Stay of Proceedings

As recently stated by the Middle District of Alabama:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544–45 (11th Cir. 1983) (noting district courts possess "general discretionary power" to stay proceedings "in the interests of justice and in control of their dockets"). In deciding whether to stay an action, the court "must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254–55. The party requesting the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255. Courts should not, however, enter an indefinite or immoderate stay absent "a pressing need." *Id.*

*Nekouee v. Opell Holdings*, LLC, 2020 WL 837378, at *1 (M.D.Ala., 2020).

B. Freedom of Information Act

"Upon request, [the Freedom of Information Act] mandates disclosure of records held by a federal agency, see 5 U.S.C. § 552, unless the documents fall within enumerated exemptions, see § 552(b). '[T]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act,' *Department of Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); '[c]onsistent with the Act's goal of broad disclosure, these exemptions have been consistently given a narrow compass,' *U.S. Department of Justice v. Tax Analysts,* 492 U.S. 136, 151, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989); see also *FBI v. Abramson,* 456 U.S. 615, 630, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982) ('FOIA exemptions are to be narrowly construed'). *Department of Interior v. Klamath Water Users Protective Ass'n*, 121 S.Ct. 1060, 1065, 532 U.S. 1, 7–8 (2001); see also *Sikes v. United States Department of Navy*, 896 F.3d 1227, 1234 (11th Cir. 2018) ("The Supreme Court has explained that [a]n agency *must* disclose agency records to any person under § 552(a) *unless* they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b) (internal quotation marks omitted and emphasis supplied)." "The exemptions

2

are for matters that are: (1) classified; (2) related solely to internal personnel rules and practices; (3) specifically exempted from disclosure by statute; (4) trade secrets or financial information; (5) privileged; (6) personally private personnel or medical files; (7) various types of law-enforcement records; (8) related to the regulation of banks; or (9) geological information concerning wells. 5 U.S.C. § 552(b)." *Id.*, fn. 4.

III. DISCUSSION.

Plaintiffs are asking that the Court "Stay all proceedings pending Plaintiffs' receipt and examination of all records pertaining to them, and material to all parties of this lawsuit, being illegally withheld by the Department of Veterans Affairs (VA) and The Guarantee Title Company, LLC." (Doc. 80, PageID.946). In support of this motion for an indefinite stay, Plaintiffs provide a very scant factual background.

A FOIA request was submitted by Plaintiffs to the St. Petersburg VA Regional Office and The Citizens Bank's agent, The Guarantee Title Company, on January 16, 2021. The request was for all records pertaining to the Plaintiffs that were under their control. After the passage of thirty days from submission of the FOIA request, Plaintiffs elected to file an appeal with the VA Central Office due to the constructive denials of their requests. This decision to appeal administratively was taken in lieu of attempting to amend the current lawsuit with a new claim regarding the failures of the VA and The Citizens Bank to provide the documents requested.

Both the VA and The Citizens Bank are defendants in this action. No showing has been made by Plaintiffs that the same information sought through their FOIA request would not be available to them through discovery in this action. Additionally, an administrative appeal is pending and unresolved without an actual case or controversy

3

having been raised in any federal court having jurisdiction over the FOIA request. In order to be granted the relief requested, Plaintiffs would need to show, at a minimum, that a FOIA action or claim is filed and that the district court has jurisdiction to grant the request. Neither of these minimum requirements have been alleged or proven by the Plaintiffs. It appears that their argument is that since this Court has been put on notice of the VA's failure to produce the documents requested, it is required to require their production in the interest of justice. No authority has been shown or found for such a proposition.

Under these facts, Plaintiffs have not shown a need for an indefinite stay of all proceedings in this action, nor have they shown a pathway for this Court to enforce a broad FOIA request for documents. Accordingly, it is recommended that the motion be **DENIED IN ITS ENTIRETY**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 5th day of May 2021.

s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE