IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES W. TANNEHILL and      :
ROBYN L. TANNEHILL,         :
                            :
      Plaintiffs,          :
                            :
vs.                          :        CIVIL ACTION 20-0105-TFM-C
                            :
DENIS S. McDONOUGH,        :
SECRETARY, U.S. DEPARTMENT of  :
VETERANS AFFAIRS, et al.      :
                            :
      Defendants.        :

## REPORT & RECOMMENDATION

This action has been referred to the undersigned for a report and recommendation as to the appropriate action to be taken on the second motion to dismiss filed by the United States (See Docs. 87 & referral dated May 4, 2021). After consideration of the motion, Plaintiffs' response (Doc. 102), and the Court record, it is determined that it is necessary to recommend that all claims against the United States be dismissed due to insufficient service of process. Plaintiffs have, with prior knowledge of their burden, refused to perfect service of process on the United States in violation of Rule 4, Federal Rules of Civil Procedure, and the Order of this Court.

## Background Facts

1.   Plaintiffs filed their complaint against then-Secretary of the United States Department of Veterans Affairs, Robert L. Wilkie, among other defendants, on February 21, 2020. (Doc. 1, PageID.1).

2.   The Clerk of Court issued a summons to Secretary Wilkie on the same day. (Doc. 2, PageID.134).

3.   On March 26, 2020, the Clerk of Court issued additional summonses, one to the United

States Attorney for the Southern District of Alabama (Doc. 14, PageID.207-208) and one to the Attorney General of the United States (*Id.*, PageID.209-210), as well as a letter from the Clerk to Plaintiffs instructing Plaintiffs how to properly effectuate service against the Secretary under the Federal Rules of Civil Procedure (*Id.*, PageID.211).

4.   On March 30, 2020, counsel of record for the Secretary issued a letter to Plaintiffs acknowledging that Plaintiffs had attempted to serve their complaint, but that they did so improperly, requesting that they properly serve the complaint and summonses issued by the Court on March 26, 2020, and explicitly denying waiver of proper service. (Doc. 40-10, PageID.462).

5.   On May 20, 2020, Secretary Wilkie filed his motion to dismiss Plaintiffs' Complaint and each cause of action as to Secretary Wilkie based in part on Plaintiffs' failure to properly effectuate service under Fed. R. Civ. P. 12(b)(5). (Doc. 41, PageID.463-484).

6.   Plaintiffs did not respond to Secretary Wilkie's motion. (Doc. 68, PageID.784-786).

7.   On August 3, 2020, Plaintiffs attempted to amend their complaint to apparently dismiss Secretary Wilkie voluntarily without prejudice. (Doc. 64, PageID.730-733).

8.   On January 25, 2021, a Report and Recommendation regarding numerous pending motions, including Secretary Wilkie's motion to dismiss. (Doc. 69, PageID.788-847). It was recommended that Secretary Wilkie's motion to dismiss be denied without prejudice and that Plaintiffs be ordered to perfect service within 20 days of receipt of the District Judge's Order. (*Id.*, PageID.846).

9.   On March 2, 2021, Judge Moorer entered a Memorandum Opinion and Order, overruling objections and adopting the Report and Recommendation as the opinion of the Court. (Doc. 75, PageID.904-909). The Court explicitly held:

> Plaintiffs are **DIRECTED** to perfect service on Defendant Robert L. Wilkie, Secretary of the United States Department of Veterans Affairs within twenty (20) calendar days of receipt of this Order. The Court will presume that Plaintiffs receive the order five

(5) days after the date of the order. Failure to do so may result in the dismissal of Defendant Robert L. Wilkie from this action which may implicate the subject-matter jurisdiction of this lawsuit.

(Id., PageID.907) (emphasis in original). Thus, it is presumed that Plaintiffs received a copy of Court's March 2, 2021, order by no later than March 7, 2021.

10.   Plaintiff James Tannehill objected to the Court's March 2, 2021, order on March 22, 2021, stating, "Plaintiff respectfully reiterates that the Secretary was served by the undersigned and further effectively acknowledged service by and through Assistant U.S. Attorney Jones' (sic) multiple appearances on his behalf." (Doc. 78, PageID.940).

11.   On March 31, 2021, the Court *sua sponte* modified its March 2, 2021, order to modify Plaintiffs' deadline to perfect service, stating, "Plaintiffs are DIRECTED to perfect service on Defendant Denis R. McDonough, Secretary of the United States Department of Veterans Affairs **within fifteen (15) calendar days** of receipt of this Order. The Court will presume that Plaintiffs receive the order five (5) days after the date of the order." (Doc. 79, PageID.945) (emphasis in original). Thus, Plaintiffs are presumed to have received a copy of the Court's March 31, 2021, order no later than Monday, April 5, 2021, and were therefore ordered to perfect service by no later than Tuesday, April 20, 2021.

12.   During a status conference held on April 27, 2021, Plaintiff James Tannehill acknowledged that Plaintiffs had not taken any action to perfect service, despite the Report and Recommendation, the Memorandum Opinion, and the Court's March 31, 2021, order. (Doc. 85, PageID.1005).  In addition, Plaintiffs have failed to prove service even though encouraged to do so several times over the life of this action.

 Rule 4(l), Federal Rules of Civil Procedure.

### Standard of Review – Rule 12(b)(5) Motion to Dismiss

Federal Rule of Civil Procedure 4(i)(2) states the requirements to properly serve an agency of the United States:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2). For Plaintiffs to properly serve the United States, they must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Once the plaintiffs have served each defendant as required to give them notice of the action and to give the Court jurisdiction over the defendants, the Federal Rules of Procedure require that plaintiffs prove that service has been completed.

> (1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.
>
> …
>
> (3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

Fed. R. Civ. P. 4(l) (1 & 3).

The Federal Rules of Procedure also require that service of process be accomplished in a timely manner, normally within 90 days after a complaint is filed.

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

If plaintiffs fail to comply with the requirements of Rule 4, defendants are within their rights to move to have the claims against them dismissed on the grounds that personal jurisdiction is lacking and for insufficient service of process.

> A defendant may seek dismissal under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(5) for insufficient service of process if the plaintiff fails to properly effectuate service under Rule 4. *See, e.g., Reed v. Potter*, 2006 WL 8433069, at *2 (N.D. Ga. May 16, 2006), report and recommendation adopted, 2006 WL 8433112 (N.D. Ga. July 19, 2006). It is the defendant's burden to establish that service was insufficient, and a defendant's "challenge of sufficiency of process must describe with specificity how the service of process failed to meet the procedural requirements of [Rule 4]." *Hollander v. Wolf*, 2009 U.S. Dist. LEXIS 101446 at *7, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009). "Once a defendant challenges service of process, plaintiff has the burden to demonstrate sufficient service of process by making a *prima facie* case of proper service." *Id.*; *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980) ("[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity."), overruled on other grounds by *Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). If the plaintiff can make such a showing, the burden then shifts back to the defendant to "bring strong and convincing evidence of insufficient process." *Hollander*, 2009 U.S. Dist. LEXIS 101446 at *8, 2009 WL 3336012, at *3. "The Court may look to affidavits, depositions and oral testimony to resolve disputed questions of fact." *Id*.

> "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F. 2d 1313, 1317 (11th Cir. 1990). Therefore, where a court finds insufficient service, it is improper for the court to reach the merits of the case and to issue a dismissal with prejudice. *Jackson v. Warden, FCC Coleman-USP*,

259 F. App'x 181, 182-83 (11th Cir. 2007) (per curiam) (citing Pardazi, 896 F.2d at 1317).

*Chilson v. Modly*, 2020 WL 1068861, at *2 (S.D.Ala., 2020)

The only serious response directed to their failure to properly serve the United States, appears to be an argument that while not denying formal compliance with the Federal Rules, the motion should not be granted on such "trivial and unproven" grounds. ("Plaintiffs respectfully assert their opposition to VA's Motion to Dismiss on trivial and unproven, Rule 12(b)(5) grounds.") (Doc. 102, PageID.1109).  To this argument, the United States identifies at least one District Court in this Circuit that has rejected a similar argument, based on Georgia law, by ruling that "[w]here there has been no service of a suit or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit." *See Al & Dick, Inc. v. Cuisinarts, Inc.,* 528 F. Supp. 633, 635 (N.D. Ga. 1981) (quoting *American Photocopy Equipment Co. v. Lew Deadmore & Associates, Inc.,* 127 Ga.App. 207, 209, 193 S.E.2d 275, 277 (1972)).

## **Discussion**

To obtain service over the United States, Plaintiffs were required to send by certified mail or registered mail a copy of the summons and the Complaint to the United States Attorney's Office, the Office of the Attorney General, and the Secretary.  They were clearly supplied with the appropriate summonses on February 21, 2020 (Doc. 2, PageID.134) (Wilkie) and March 26, 2020 (Doc. 14, PageID.207-211) (Attorney General and United States Attorney) and given instructions on how to properly effectuate service.  Their service deficiencies were also pointed out by a letter dated March 30, 2020 sent to Plaintiffs by an Assistant United States Attorney for the Southern District of Alabama. (March 30, 2020, Letter, PageID.462).

When Plaintiffs failed to follow these instructions from the Clerk of Court and the notice provided by the Assistant United States Attorney, a motion to dismiss was filed. Upon consideration of the motion to dismiss, their service deficiencies were once again pointed out to them by the undersigned (Doc. 69, PageID.846) and then by Judge Moorer. On two occasions (Doc. 75, PageID.904-907 & Doc. 79,PageID.945), Plaintiffs were given more time to resolve the deficiencies found by the Court. Even though Plaintiffs have been informed of their responsibility regarding service of process and given multiple opportunities to correct the insufficiencies noted, they have stubbornly and willfully refused to comply with the Federal Rules of Civil Procedure and the Orders of this Court. Under these circumstances, the only alternative left to the Court is to now dismiss all claims against the United States. *See Wilke v. Troy Regional Medical Center*, 852 Fed.Appx. 389, 392 (11th Cir. 2021) ("because Plaintiff failed to timely perfect service or show good cause for failing to do so, the district court did not abuse its discretion in dismissing without prejudice his complaint against the Remaining Defendants.").[1]

## Conclusion

For the reasons stated herein, it is recommended that all claims against the United States be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(5), Fed. R. Civ. P. due to an insufficiency of service of process that deprives the Court of jurisdiction over this Defendant. Because the United States has not been served within the time periods permitted by the Federal Rules of Civil Procedure, as extended by this Court, the Court is without jurisdiction to consider the claims presented against the United States and is required to grant the motion to dismiss.

## NOTICE OF RIGHT TO FILE OBJECTIONS

---

[1] It is also noted that the Plaintiffs have failed to provide any authority for the proposition that under the circumstances of this case, the Court should overlook their failure to formally serve a summons and complaint on the United States Attorney and the Attorney General of the United States.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 13th day of September 2021.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE