IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES W. TANNEHILL and ROBYN L. TANNEHILL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CIV. ACT. NO. 1:20-cv-105-TFM-C |
| DENIS S. McDONOUGH, SECRETARY, U.S. DEPARTMENT of VETERANS AFFAIRS, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On September 13, 2021, the Magistrate Judge entered a Report and Recommendation which recommends Defendant United States' Second Motion to Dismiss (Doc. 87) be granted and the United States be dismissed without prejudice due to insufficiency in the service of process. *See* Doc. 111. Plaintiff James W. Tannehill timely filed objections. *See* Doc. 113. No objections were filed by Robyn L. Tannehill and Mr. Tannehill cannot represent his wife as he is not an attorney. Therefore, the objections will only be considered as to Mr. Tannehill. Additionally, Plaintiff also filed several subsequent pleadings which the Court will consider along with his objections. *See* Docs. 114, 115. To the extent Mr. Tannehill seeks to correct his objections, the Court will permit him to do so and the Motion (Doc. 115) is **GRANTED**. The errata sheet will be considered timely alongside his objections. To the extent Mr. Tannehill is objecting to the timeliness of the docketing, such objection is rendered moot because the Court is considering the objections timely filed. It is not uncommon for mailed documents to be docketed within a few days of mail receipt. Mr. Tannehill is advised that the Southern District of Alabama receives a large quantity of mail daily and especially when received in an afternoon may take a day or two to

docket.  As such, the motion (Doc. 114) is **DENIED as moot** since the Court is considering his objections to be timely.  Finally, the Court will also address the earlier filed "Objection" wherein he indicated his perception that the Court was "coaching" the Defendants.  *See* Doc. 81.  He noted several docket entries from March 2, 2021 and March 3, 2021.  Mr. Tannehill is advised that these are standard entries done in this district when such deadline become applicable after a motion to dismiss is denied (in whole or in part).  As the docket sheet clearly reveals, the Memorandum Opinion and Order was issued on March 2, 2021 which adopted the previous R&R and granted in part and denied in part several motions to dismiss.  *See* Doc. 75.  Consequently, upon the denial of the motions, answers became due pursuant to Fed. R. Civ. P. 12(a)(4)(A) which states "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."  These docket entries serve as a reminder to <u>ALL</u> parties - including the Court - of the upcoming deadlines based upon the denial of the motions.  Therefore, this "objection" (Doc. 81) is overruled.  The Court has no intention of changing its standard procedures.

Turning now to the substance of the currently pending Report and Recommendation ("R&R") and Mr. Tannehill's objections.  On March 2, 2021, the Court denied without prejudice the *United States' Motion to Dismiss Plaintiffs' Complaint as to the United States [Fed. R. Civ. P. 12(b)(1), (5), and (6)* (Doc. 41).  *See* Doc. 75 (adopting R&R); *see also* Doc. 69 (underlying analysis).  As part of that same Memorandum Opinion and Order, the Court directed Plaintiffs to perfect service on Defendant Robert L. Wilkie, Secretary of the United States Department of Veterans Affairs within twenty calendar days of receipt of this order (which was presumed to be five days after the date of the order).  The Court cautioned Plaintiffs that failure to do so may result in the dismissal of Defendant Wilkie from the lawsuit which may have implications on the subject-

matter jurisdiction of this lawsuit.  *Id*. at 4.  Plaintiff then re-objected to that order which the Court overruled on March 31, 2021.  *See* Docs. 75, 79.  The Court also noted the automatic substitution of Denis R. McDonough as the Secretary of the U.S. Department of Veterans Affairs in place of Robert L. Wilkie.  *See* Doc. 79.  The Court further warned Plaintiff that Court orders are not options and the warning was intended to put them on notice that failure to comply may have the consequence of dismissal of that defendant.  *Id*. at 2.  The Court then provided Plaintiffs with an additional fifteen calendar days to perfect service on Defendant McDonough.  *Id*. at 3.  As noted by the Magistrate Judge in the current R&R, that deadline would then be no later than April 20, 2021.

The Court has reviewed Mr. Tannehill's objections and the errata sheet.  Mr. Tannehill seemingly ignores the requirements of the Federal Rules of Civil Procedure on service and indicates the fact Defendant McDonough is represented by the U.S. Attorney's office shows a waiver of service.  Such is not the case under the law.  Moreover, his complaints that the Court does not "guide" the *pro se* plaintiffs also has no bearing on the status of service.  Nothing in Mr. Tannehill's objections address the well-reasoned analysis of the Magistrate Judge nor the issues raised in the United States' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

The Complaint in this case was filed on February 21, 2020.  Fed. R. Civ P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  In this case, the Court extended that deadline on several occasions and Plaintiffs still failed to comply with the rules on service.  Therefore, dismissal is mandated by the federal rules.

In addition, though raised by the motion to dismiss and alluded to by the Magistrate Judge, the Court also notes that a secondary basis for dismissal is failure to obey court orders. Though neither the R&R nor the motion to dismiss raise Fed. R. Civ. P. 41(b) explicitly, the Court also finds it an appropriate application. Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

In the case at hand, despite numerous orders to do so and being informed of the consequences for failure to comply, Plaintiffs have stubbornly refused to address the sufficiency of process and instead seem to view the Court's admonitions as some kind of favoritism instead of what they are – "Orders of the Court." The Court has provided ample guidance to the *pro se* plaintiffs on what needed to occur in order to perfect service. Instead of heeding that guidance

and warnings, Plaintiffs simply refused to comply with the Federal Rules of Civil Procedure and the Orders of this Court.  As such, in addition to Fed. R. Civ. P. 12(b)(5), the Court also finds that dismissal for failure to comply with court orders under Fed. R. Civ. P. 41(b) is also appropriate.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the report and recommendation of the Magistrate Judge (Doc. 111) is **ADOPTED** as the opinion of this Court.  Accordingly, it is **ORDERED** that the *United States' Second Motion to Dismiss [Fed. R. Civ. P. 12(b)(5)]* (Doc. 87) is **GRANTED** and the claims filed against the United States, which are brought against Denis S. McDonough, Secretary, U.S. Department of Veterans Affairs, are **DISMISSED without prejudice**.

**DONE** and **ORDERED** this 17th day of November, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE